UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

MARIA EDUARDA DOS SANTOS OLIVEIRA

VERSUS

LISA BOWEN ET AL.

CIVIL DOCKET NO. 3:26-CV-01236 SEC P

JUDGE EDWARDS

MAGISTRATE JUDGE PEREZ-MONTES

MEMORANDUM RULING

Before the Court is a Verified Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 and Request for Declaratory Relief (ECF No. 1) filed by Petitioner, Maria Eduarda Dos Santos Oliveira ("Dos Santos Oliveira"). Respondents filed an Opposition (ECF No. 9), and Dos Santos Oliveira has filed a Reply (ECF No. 10).

After careful consideration of the record, the parties' memoranda, and the applicable law, the Petition is GRANTED.

I.      BACKGROUND

Dos Santos Oliveira is an eighteen-year-old native and citizen of Brazil. See ECF No. 1 at 2. She entered the United States near San Luis, Arizona, on or about October 9, 2021, when she was still a minor. *See id.*; ECF No. 1-3. DHS detained Dos Santos Oliveira and then released her on or about October 11, 2021, issuing her a Notice to Appear. *See* ECF No. 1 at 4. She was not placed under an order of supervision. *See id*.

After her release, Dos Santos Oliveira remained at liberty in the United States for more than four years. *See id*. During that time, she lived in the community, enrolled in college, and established significant ties within the United States. *See id*. at 5. The record reflects no allegation

1

that Dos Santos Oliveira violated any conditions of release, failed to appear, or otherwise failed to comply with immigration proceedings.  *See* ECF No. 1 at 4–5.

Dos Santos Oliveira also asserts that despite issuing her a Notice to Appear in 2021 while she was still a minor, the Department of Homeland Security ("DHS") apparently failed for years to place her into active removal proceedings before the Executive Office of Immigration Review ("EOIR").  ECF No. 10 at 2.  She alleges that, at the time the Petition was filed, EOIR's automated system reflected "No case found" for Oliveira's A-number.  ECF No. 1-4.

On March 16, 2026, ICE re-detained Oliveira in New Jersey without prior notice.  *See id*. at 4.  She was initially detained together with her mother.  *See id*.  Dos Santos Oliveira asserts that ICE officers represented that the two would not be separated.  *See id*.  Nevertheless, Dos Santos Oliveira was subsequently transferred to Richwood Correctional Center in Louisiana, separating her from her mother and relocating her far from her support network.  *See id*. at 5.

The Government contends that Dos Santos Oliveira is properly subject to mandatory detention under 8 U.S.C. § 1225(b), and that her re-detention without an individualized custody determination does not violate due process. *See* ECF No. 9 at 1.  The Government does not deny that assurances were made to Dos Santos Oliveira and her mother; rather, it argues that Dos Santos Oliveira did not submit any evidence to support the claim.  *Id.* at 7.  Nor does the Government offer any explanation of why Dos Santos Oliveira remained outside active EOIR proceedings for years following her release as a minor, nor why detention suddenly became necessary after years of peaceful residence in the community.

In a Reply, Dos Santos Oliveira submits a sworn declaration from her mother confirming that ICE officers represented that mother and daughter would not be separated following re-detention.  *See* ECF No. 10-1.

## II.   LEGAL STANDARD

A federal district court may grant a writ of habeas corpus to a petitioner who is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3). The petitioner "bears the burden of proving that he [or she] is being held contrary to law; and because the habeas proceeding is civil in nature, the petitioner must satisfy his [or her] burden of proof by a preponderance of the evidence."  *Villanueva v. Tate*, 801 F. Supp. 3d 689, 696 (S.D. Tex. 2025) (internal citations omitted).  A court considering a habeas petition must "determine the facts, and dispose of the matter as law and justice require."  *Id*. (citing 28 U.S.C. § 2243).

## III.   ANALYSIS

First, the Court has jurisdiction to consider the Petition.  *See Diallo v. Trump*, 1:25-CV2012, 2026 WL 382606, at *1 (W.D. La. Feb. 4, 2026) (citing *Barros v. Noem*, 25-CV-488, 2025 WL 3154059, at *2–3 (W.D. Tex. Nov. 10, 2025)).

Dos Santos Oliveira's case turns on whether the Government violated procedural due process rights when they re-detained Dos Santos Oliveira, after more than four years of liberty in the community, without any individualized custody determination or hearing.  That issue is distinct from whether Dos Santos Oliveira may ultimately be statutorily detainable under § 1225(b).  *See Hernandez-Fernandez v. Lyons*, No. 5:25-CV-00773-JKP, 2025 WL 2976923, at *7 (W.D. Tex. Oct. 21, 2025); *Alvarado v. Vergara*, No. 1:26-CV-00309-DAE, 2026 WL 594366, at *3 (W.D. Tex. Mar. 2, 2026).

The Court therefore considers whether Dos Santos Oliveira acquired a protectable liberty interest in remaining at liberty following her release in 2021, such that due process required some form of individualized process before that liberty could be revoked.  The Court finds that she did.

Respondents rely heavily upon *DHS v. Thuraissigiam*, 591 U.S. 103 (2020), *Jennings v. Rodriguez*, 583 U.S. 281 (2018), and *Demore v. Kim*, 538 U.S. 510 (2003).  But those cases do not foreclose Dos Santos Oliveira's procedural due process claim.  Dos Santos Oliveira does not challenge the Government's authority to detain noncitizens during removal proceedings generally. Nor does she seek review of removability. Rather, she challenges the way Respondents revoked her long-standing liberty interest without any hearing, notice, or individualized assessment.

As several courts have recognized, that question remains constitutionally distinct from the statutory detention framework itself.  *See Hernandez-Fernandez*, 2025 WL 2976923, at \*7; *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 681–85 (W.D. Tex. 2025); *Vieira v. De Anda-Ybarra*, 806 F. Supp. 3d 690, 698–700 (W.D. Tex. 2025).

To determine whether Oliveira's re-detention comports with due process, the Court applies the balancing test set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976).

### 1.  Private Interest

"The interest in being free from physical detention" is "the most elemental of liberty interests." *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004); *Martinez v. Noem,* 5:25-CV-1007, 2025 WL 2598379, at \*2 (W.D. Tex. Sept. 8, 2025).

Dos Santos Oliveira was released into the United States as a minor in 2021 and remained at liberty for more than four years.  During that period, she established substantial ties to the community, pursued higher education, and complied with the immigration process.  ECF No. 1 at 5.  The Court notes that despite issuing Dos Santos Oliveira a Notice to Appear in 2021 while she

4

was still a minor, DHS apparently failed to place her into active removal proceedings for years. When the Petition was filed, EOIR's automated system reflected "No case found" for Oliveira's A-number. ECF No. 1 at 4. The Government offers no explanation for this prolonged procedural delay.

As Dos Santos Oliveira points out, she entered the United States as a minor child lacking the maturity and legal agency of an adult entrant. ECF No. 10 at 2. DHS itself elected to release her into the community and permitted her to remain there throughout her minority for years before abruptly re-detaining her upon adulthood. *Id.*

Although the Fifth Circuit has held that § 1225(b) provides for mandatory detention, *see Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498 (5th Cir. 2026), that holding does not eliminate the liberty interests created by the Government's own decision to release Dos Santos Oliveira into the community for years without incident.

Under the circumstances of this case, the Government's abrupt decision to re-detain Dos Santos Oliveira in 2026 without any individualized process weighs heavily in favor of finding a protected liberty interest sufficient to trigger due process protections. Accordingly, the Court finds that Oliveira acquired a protected liberty interest in her continued freedom sufficient to trigger procedural due process protections before that liberty could be revoked. *See Hernandez-Fernandez*, 2025 WL 2976923, at *8–9; *Espinoza v. Kaiser*, No. 25-CV-1101, 2025 WL 2581185, at *9–11 (E.D. Cal. Sept. 5, 2025).

This factor weighs heavily in Dos Santos Oliveira's favor.

### 2. Risk of Erroneous Deprivation

The second *Mathews* factor considers the risk of erroneous deprivation and the probable value of additional safeguards.

Dos Santos Oliveira was re-detained automatically, without any opportunity to contest the basis for her detention, demonstrate compliance, or present evidence regarding flight risk or dangerousness.  By treating her as categorically subject to mandatory detention after years of peaceful liberty in the community, the Government deprived Dos Santos Oliveira of "an opportunity to contest the existence, nature, or significance of [any] supervision violations." *Espinoza*, 2025 WL 2581185, at *11.  The risk of erroneous deprivation under such a procedure is substantial.  *See Vieira*, 806 F.Supp.3d at 701 ("The risk lies in the automatic continued deprivation of liberty for a noncitizen who has already been determined to not be a flight risk nor a danger to the community, and has lived in the United States for a prolonged period of time, especially where there are no facts in the record to reflect material changes in Petitioner's dangerousness or flight risk").  Minimal safeguards—such as notice and an individualized custody determination—would materially reduce that risk.  *See Alvarado*, 2026 WL 594366, at *4; *see also Hernandez-Fernandez*, 2025 WL 2976923, at *9 (citing *Velesaca v. Decker*, 458 F.Supp.3d 224, 242 (S.D.N.Y. 2020)).

This factor likewise weighs in Dos Santos Oliveira's favor.

### 3.  Government's Interest

The Government has a legitimate interest in preventing a detainee's flight and in protecting the community.  *Gutierrez v. Thompson*, No. 4:25-4695, 2025 WL 3187521, at *8 (S.D. Tex. Nov. 14, 2025).  And "detention during deportation proceedings [is] a constitutionally valid aspect of the deportation process." *Demore v. Kim*, 538 U.S. 510, 523 (2003).

"However, the government has little legitimate interest in suddenly detaining without a hearing noncitizens whom DHS already determined to be neither a flight risk nor a danger to the community." *Bermeo Sicha*, 2025 WL 2494530, at *6 (citing *Hernandez-Lara v. Lyons*, 10 F.4th 19, 26 (1st Cir. 2021)).  That is, the Government's interest is diminished where, as here, DHS itself

6

previously determined that release into the community was appropriate, and where the record contains no evidence that Dos Santos Oliveira poses a danger or flight risk. *See Saravia v. Sessions*, 280 F.Supp.3d 1168, 1176 (N.D. Cal. 2017), *aff'd* 905 F.3d 1137 (9th Cir. 2018) (explaining that initial release "reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk.").

The Court further notes that Dos Santos Oliveira's mother—who entered the United States with her, was initially detained and later re-detained under materially similar circumstances, and was processed on nearly identical allegations—was afforded an individualized bond hearing in the District of New Jersey and subsequently released. *See* ECF No. 1 at 5–6; 10 at 5. Although this Court remains bound by Fifth Circuit precedent regarding statutory detention classifications, the disparate treatment arising from substantially similar circumstances further undermines the Government's asserted justification for Dos Santos Oliveira's continued detention without any individualized process. Indeed, the record reflects that Dos Santos Oliveira remained peacefully in the community for years following her release.

Accordingly, this factor also favors Dos Santos Oliveira.

Because the *Mathews* factors weigh in Dos Santos Oliveira's favor, the Court finds that her procedural due process rights under the Fifth Amendment were violated by her re-detention without constitutionally adequate process.

Given the particular facts presented here—including Dos Santos Oliveira's release as a minor, her four years of compliance and liberty in the community, the absence of evidence that she poses a danger or flight risk, and the arbitrary nature of the re-detention process employed— the Court finds that release subject to reasonable conditions is appropriate. *See Hernandez v. Bernacke*, 2:26-CV-00355, 2026 WL 497340, at *2 (D. Nev. Feb. 23, 2026).

7

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, IT IS HEREBY ORDERED that the Petition for Writ of Habeas

Corpus (ECF No. 1) is GRANTED.  Respondents are ORDERED to release Dos Santos Oliveira

from custody by 5:00 p.m. on June 5, 2026.

THUS DONE in Chambers on this 4th day of June, 2026.

_____
JERRY EDWARDS, JR.
UNITED STATES DISTRICT JUDGE

8